Brad CUNNINGHAM, Plaintiff,

v.

WASHINGTON COUNTY, Jim Spinden, Bill Berrigan, Steven Wilhelm, Gail Christensen, Kimberly Phillips, Cindy Debler, and Alan C. Bonebrake, Defendants.

Civ. No. 94–853–FR.

United States District Court, D. Oregon.

Oct. 13, 1994.

⊕1383

Brad Cunningham, pro se.

John M. Junkin, County Counsel, Robert A. Bianchi, Sr. Asst. County Counsel, Washington County Counsel, Hillsboro, OR, for defendants, except defendant Alan C. Bonebrake.

## OPINION AND ORDER

FRYE, Judge:

The matters before the court are:

(1) the motion of defendant Scott Upham for a protective order (# 58);

(2) the motion of the plaintiff to compel attendance of witness Jeanne Hermens (# 55); and

(3) the motion of the plaintiff to compel defendants from obstructing plaintiff's discovery (# 53).

## BACKGROUND

On July 15, 1994, the plaintiff, Brad Cunningham, filed this action pursuant to 42 U.S.C. § 1983 seeking damages from the defendants to vindicate the alleged violation of his constitutional rights. In his complaint, Cunningham alleges that he is imprisoned in the Washington County Jail as a pretrial detainee, and that he has complained to several of the defendants and their agents about the conditions in the Washington County Jail and the treatment that he and other pretrial detainees and other inmates have received which have affected their health and safety and their constitutionally-protected rights to safe and humane conditions and treatment in jail.

In his complaint, Cunningham alleges that on March 14, 1994, he filed a petition for a writ of habeas corpus in the Circuit Court of the State of Oregon for the County of Washington based upon the same facts as he has alleged in this action; that on March 25, 1994, he appeared in that court on his petition for a writ of habeas corpus; and that upon his return to the jail from the courthouse, he was placed in solitary confinement in retaliation for exercising his right to petition the government and to speak freely about the conditions of the Washington County Jail.

In his complaint, Cunningham alleges two claims for relief as follows: (1) 42 U.S.C. § 1983/First Amendment/Prohibited Retaliation; and (2) 42 U.S.C. § 1983/Fourteenth Amendment/Arbitrary Punishment/Denial of Procedural Due Process.

On August 19, 1994, Cunningham filed a first amended complaint stating the same claims and adding as a defendant Alan C. Bonebrake.

## RULINGS

1. *The Motion of Scott Upham for a Protective Order*

■ Scott Upham is the Washington County District Attorney who is prosecuting Cunningham on a murder charge in the Washington County Circuit Court. Upham is not a party to this civil action and has no role in this civil action.

Cunningham cannot utilize this federal civil action and its discovery procedures to obtain information from the prosecutor in his criminal trial in the State of Oregon.

The motion of Scott Upham for a protective order is granted.

2. *The Motion of Cunningham to Compel Attendance of Witness Jeanne Hermens*

 Cunningham issued a "Deposition Subpoena Duces Tecum" commanding Jeanne Hermens to appear on October 3, 1994 at the Washington County Jail, in which he is incarcerated, for the purpose of taking her deposition. Hermens did not appear. Cunningham seeks an order of this court commanding her appearance for deposition.

Cunningham states in an affidavit that Hermens is his former wife who is keeping his children while he is incarcerated, and that she refuses to bring the children to the jail for visits with him.

Jeanne Hermens is not a party to this action. She has no role in this litigation under 42 U.S.C. § 1983, which is based upon a claim that a state actor has deprived Cunningham of a protected right under the United States Constitution or other laws.

This court will not order Jeanne Hermens to appear at the Washington County Jail for the taking of her deposition.

The motion of Cunningham to compel attendance of witness Jeanne Hermens is denied.

3. *The Motion of the Plaintiff to Compel Defendants from Obstructing Plaintiff's Discovery*

Cunningham moves the court for an order requiring defendants Bill Berrigan and Steven Wilhelm to make the law library at the Washington County Jail available to him for the purpose of taking depositions in this proceeding. This motion to compel is based upon a memorandum from Berrigan stating that Cunningham was not to be allowed to use any of the contact-visiting space for the purpose of taking depositions.

In his memorandum, Berrigan states to Cunningham that he "may utilize visitation space on the second floor." The court finds that there is no evidence in this record that the defendants are obstructing the discovery to be taken by Cunningham.

The motion of Cunningham to compel the defendants from obstructing his discovery is denied.

**CONCLUSION**

IT IS HEREBY ORDERED that:

(1) the motion of defendant Scott Upham for a protective order (# 58) is GRANTED;

(2) the motion of the plaintiff to compel attendance of witness Jeanne Hermens (# 55) is DENIED; and

(3) the motion of the plaintiff to compel defendants from obstructing plaintiff's discovery (# 53) is DENIED.